FREDERICK A. REIMER, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX, RESPONDENT.

Argued June 8, 1921—Decided November 1, 1921.

1. The board of chosen freeholders of the county of Essex appointed three of its members a committee to investigate certain charges against the defendant who held the position of county engineer, and they reported to the board that he had been derelict in the performance of his duties, and that he be requested to resign. The board preferred charges and fixed a day for the hearing of which prosecutor was given notice, and at the hearing objected to the right of the investigating committee to sit as members of the board and participate in the hearing as judges. One of the committee withdrew and the other two participated. *Held*, that the members of the reporting committee were not disqualified to sit, they having no personal or pecuniary interest in the result.

2. It was also urged that they were disqualified because the prosecutor had instituted a suit against them for libel based on their report. *Held*, that no member of the board could be disqualified by such an act of the prosecutor, for he might bring such a suit against the entire board and thus relieve himself of any trial authorized by the statute.

On *certiorari*.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the prosecutor, *McCarter & English.*

For the respondent, *Edwin G. Adams.*

The opinion of the court was delivered by

BERGEN, J. The purpose of the writ of *certiorari* allowed in this case is to review the action of the board of chosen freeholders of the county of Essex in removing the prosecutor from his position as county engineer after a hearing on charges preferred by the board. The circumstances, briefly stated, are that the board appointed a committee consisting of three of its members to investigate certain charges of misconduct against the prosecutor as county engineer, and that committee made its report, which, after a statement of facts found by it, contained this expression of their opinion: "The county engineer has been grossly and habitually derelict and negligent in the performance of his official duties. As a result, we have lost all confidence in these men as the professional and technical advisers of the board. * * * It is our recommendation that the board request the immediate resignation of the county counsel, county attorney and county engineer." On the receipt of this report the board adopted a resolution referring it to the county supervisor for a hearing which was set aside by this court upon the ground that the statute did not confer on the supervisor authority to hear such charges, but on the entire board. Thereupon the board by resolution directed the director of the board to make charges in substantially the same form as those referred to the supervisor. The charges were made, a time fixed for hearing before the board of which the prosecutor was given notice. At the hearing the prosecutor objected to the right of the three members of the committee who had signed the investigating report to sit as a part of the board to hear the charges or participate in the determination, for the reason that they had formed and expressed an opinion, and also that they were defendants in a suit for libel brought by the prosecutor based on their report. One of them withdrew, but the other two did not, but participated in the hearing by the board and joined in the determination.

The first and important question to be decided is were the two members of the committee disqualified, under these circumstances, to sit as judges of the facts and law applicable, they having no personal, financial or other interest in the result. They are not disqualified by the statute, for that confers on them as members of the board the right to hear and determine charges of this nature and to dismiss an officer, after hearing upon proof to their satisfaction, sustaining the charges, so, if they are disqualified, it must be upon the ground that no man can be a judge in his own case. It cannot be properly said that either of the persons sought to be disqualified were judges in their own case, for they had no personal interest in the result, and would not lose or gain anything because of the result of their action in the premises. The opinion expressed in their report was based on facts ascertained by them which might be changed by the evidence to be taken on a formal hearing, and, as they had no interest but the public welfare, we must assume that such considerations would influence them on final hearing. Most, if not all, of our cases holding voidable any action by a public body because not impartially constituted rests upon the fact that the participating judge had an interest in the result. It is not an uncommon proceeding for a public body to refer charges of this character to a committee to ascertain the facts and report, on the coming in of which the whole body may take action, but such a report is not a judicial finding and has no finality. To disqualify every member of a committee serving to ascertain facts for the board which appoints it would seriously interfere with 'the administration of its public duties. That a superior officer who has expressed dissatisfaction with the conduct of an inferior may sit as his judge on the trial of charges against him, there being no statutory prohibition, was held in *Crane* v. *Jersey City,* 90 *N. J. L.* 109; affirmed by the Court of Errors and Appeals, 92 *Id.* 248, and the reasons there given are applicable to this case.

The other objection, viz., the institution of the libel suit, has no merit, for a person charged with misconduct might

bring a suit against the entire board and thereby disqualify all and leave the public powerless to act efficiently in all such cases.

The proceeding under review is affirmed, with costs.